UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

RICKY DOUGLAS McCARLEY                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 1:13CV-P172-GNS

LOGAN COUNTY, KENTUCKY *et al.*                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants Bill Jenkins, the Jailer of Logan County Detention Center (LCDC), and

Logan County,[1] by counsel, filed a motion for summary judgment arguing that Plaintiff Ricky

Douglas McCarley, *pro se*, failed to exhaust his available administrative remedies as required by

42 U.S.C. § 1997e (DN 19).  Plaintiff filed a response (DN 30), and Defendants filed a reply

(DN 31).  For the reasons that follow, the motion will be granted.

## I.  SUMMARY OF CLAIMS

On initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court

allowed the following claims to continue:  Plaintiff's claims regarding unsanitary prison

conditions making him sick against Defendants Logan County and Jenkins in his individual

capacity and Plaintiff's claim against Logan County that he was held on suicide watch while

naked.

The facts alleged by Plaintiff in his verified complaint that relate to those continuing

claims are as follows.  Plaintiff stated that he was incarcerated at LCDC from September 19,

2012, until July 24, 2013, in "unhealthy living conditions" which caused him to be sick with

"terrible flu like" symptoms from two weeks after he arrived until he left.  He also stated that his

hands became infected because of the diseases and germs from the jail "which [he] do[es] feel

---

[1] By Memorandum and Order entered September 4, 2014, the Court construed the claims against Defendant LCDC as claims against Logan County, as the real party in interest, and dismissed the LCDC as a party to this action.

come from not having a proper cleaning protectant supplies where we had to clean mold . . . ." Plaintiff further stated, "There was no way they could stop the mold an[d] sicking enviorement, well none they used anyway, but the Jailer still let his staff to continue to house me there."

Plaintiff additionally alleged that he was so miserable that he wanted to kill himself but that when he let "them" know he was considering suicide "they" stripped him naked and kept him in a room up front where "everyone in jail" could see him.  He claimed that "it was so embarrassing an they would keep [him] there for weeks until [he] had to lie to them to get out by saying" he was alright, even though he was not.

## II.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof.  *Id.*  Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof.  *Id*.  If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all

2

other facts immaterial." *Celotex*, 477 U.S. at 323.  The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc*., 738 F. Supp. 214, 217 (E.D. Mich. 1990).  The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

### III.  <u>ANALYSIS</u>

In their motion for summary judgment, Defendants argue that Plaintiff completely failed to exhaust the LCDC's available administrative remedies as required under 42 U.S.C. § 1997e(a) with respect to his two surviving claims.

Prisoner civil rights cases are subject to the Prison Litigation Reform Act's (PLRA) mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has firmly held that exhaustion is mandatory and not within the discretion of the district court. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  Failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Jones v. Bock*, 549 U.S. at 216.

To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim

3

that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

By affidavit, Defendant Jenkins states that he was the Logan County Jailer during the time period about which Plaintiff complains; that at all times during Plaintiff's incarceration, the LCDC had in effect an inmate grievance procedure available to all inmates that was set forth in the "Logan County Detention Center Inmate Rights and Rules and Offered to Inmates" (hereafter, "Inmate Rights & Rules"); that a copy of the "Inmate Rights & Rules" form was presented to Plaintiff upon his incarceration at the LCDC on September 17, 2012; that Plaintiff signed the "Inmate Rights & Rules" form indicating he received a copy and understood the rules and regulations; and that a copy of the "Inmates Rights & Rules" was posted in each cell/dorm of the LCDC (DN 19, Ex. 1, Aff.).

Defendants also provide the copy of the "Inmate Rights & Rules" that Plaintiff signed on September 17, 2012 (DN 19, Ex. A). Therein, the LCDC grievance procedure provides:

> Inmates are allowed to submit grievances if he/she believes he/she has been subject to abuse, harassment, abridgement of civil rights, or denied privileges as specified in the posted rules. The grievance is to be made in the form of a written statement, sealed in an unstamped envelope, and addressed to the Jailer. Grievance forms are available and must be signed by the inmate. If not signed, it will not be answered. It must be printed/written legibly. The grievance will be answered by Supervisor or the Jailer's Designee. If not satisfied with the disposition/answer of the Supervisor/Designee, the inmate has two (2) days to appeal to the Jailer. If not satisfied with the Jailer's disposition/answer, the inmate has five (5) days to appeal to the County Judge Executive.

4

Defendant Jenkins avers that Plaintiff "filed no grievances with regard to complaints of 'getting sick' or being stripped naked while on suicide watch during his incarceration at LCDC." (DN 19, Ex. 1, Aff.).  He further avers that during the period about which Plaintiff complains (from September 19, 2012, through July 24, 2013), Plaintiff filed only one inmate grievance form and that it concerned "complaints of wanting another inmate moved from his cell or for his final sentence date to be moved up so that he would be transferred to the state penitentiary sooner" (DN 19, Ex. 1, Aff.; Ex. C, 5/22/13 Grievance).

The Court concludes that Defendants, by affidavits and other supporting documentation, have shown that Plaintiff has failed to exhaust his available administrative remedies at LCDC as to his claims of unsanitary conditions making him sick and of being held on suicide watch while naked.  Consequently, summary judgment in favor of Defendants is appropriate unless Plaintiff has offered appropriate summary-judgment proof to show the existence of a disputed factual element as to the exhaustion issue.

In his unverified response (DN 30) to the summary-judgment motion, Plaintiff does not challenge Defendants' argument that he failed to file a grievance.  Rather, he argues as follows:

> they state first I had all avenues I could use to file a grievence.  this is not true due to the fact if the court views page 1 of the memorandum in support of motion for summary judgement filed by Defendants that state that I Ricky Douglas McCarley was in a cell forced to remain naked on suicide watch.  we know that once a person is placed on suicide watch they are stripped of all objects that would place them at risk of hurting themselves or harming or hurting jail staff or security.  this means Mr. Ricky Douglas McCarley had no access to any type of foreign instruments namley pencil or (pen) ink pen.  the court can clearly see that Ricky Douglas McCarley did not get to use or exhaust all his available administrative remedies, due to the staff taking their actions.

As indicated by Defendants in their reply (DN 31), Plaintiff fails even to assert that he exhausted his available administrative remedies with respect to his claim based upon unsanitary

conditions at LCDC.  With respect to Plaintiff's claim of being held on suicide watch while

naked, Defendants maintain that he implicitly acknowledges that he did not file a grievance on

the issue and argues instead that the grievance process was not available to him because "had no

access to any type of foreign instruments namley pencil or (pen) ink pen."  Defendants argue that

Plaintiff neither alleges that he requested a grievance form and writing materials while on suicide

watch, which he could have done, nor that LCDC staff refused to provide him a grievance form

and writing materials.  Further, argue Defendants, Plaintiff certainly could have filed a grievance

relative to his complaint after he was released from suicide watch but failed to do so.

The administrative procedure "becomes 'unavailable' because prison officials have

somehow thwarted the inmate[']s attempts at exhaustion." *Brock v. Kenton Cnty.*, 93 F. App'x

793, 798 (6th Cir. 2004)).  "The Sixth Circuit requires some affirmative efforts to comply with

the administrative procedures before analyzing whether the facility rendered these remedies

unavailable." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations and

internal quotation marks omitted).

Plaintiff maintains only that he had no access to a pencil or pen while on suicide watch.

He fails to allege, much less prove, that he made any effort to file a grievance.  Nowhere does he

indicate that he requested and/or was denied a grievance form and a pencil or pen, and because

LCDC's grievance procedure has no time limit for filing a grievance, Plaintiff could have filed a

grievance after his release from suicide watch but failed to do so.  The Court finds that Plaintiff

has failed to show that the grievance process was unavailable to him while on suicide watch. *See*

*Montoya v. Schriro*, No. CV 08-1999-PHX-DGC, 2010 WL 4116493, at *3 (D. Ariz. Oct. 18,

2010) ("As to the lack of writing materials, Plaintiff does not allege that he requested and was

denied writing materials while he was on suicide watch, nor does he explain why he could not

attempt to grieve his claim upon release from suicide watch.  Without more, Plaintiff's general assertions are insufficient to justify his failure to attempt to use the grievance system.").

Finally, the Court will look to Plaintiff's verified complaint to determine whether he has demonstrated exhaustion.  *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (stating that a "verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment"); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) (concluding that a prisoner's signed complaint with a statement declaring the truth of the allegations under penalty of perjury was sufficient to place controverted facts into issue).  In his verified complaint, Plaintiff referenced grievances on one occasion when he stated, "I asked over an over face to face an in griveances to be moved but was always refused.  They say cause I have a sex charge they cant move me into cell with others who dosent have sex charges afariad fights my occur . . . ."  These generalized statements fail to demonstrate that Plaintiff filed a grievance related to his complaints of unsanitary conditions making him sick and of being held on suicide watch while naked.

The Court, therefore, concludes that Plaintiff has not established the existence of a disputed material factual element to defeat summary judgment.  Because Plaintiff did not exhaust his available administrative remedies, his federal claims against Defendants are barred by the PLRA exhaustion requirement.

## IV.  <u>ORDER</u>

For the foregoing reasons, Defendants Jenkins and Logan County are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that the motion for summary judgment (DN 19) is **GRANTED** and that the claims against Defendants Jenkins and Logan County are **DISMISSED**.

A separate Judgment will be entered.

Date:  August 28, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Counsel of Record
4416.005